UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


IN RE:
RICHARD BARTON KEPLEY, SR.,

                    Debtor.
_____

ROBERT E. TARDIF, JR., Trustee

                    Appellant,

vs.                              Case No.  2:06-cv-532-FtM-29
                                 Bankr. No. 9:05-bk-06753-ALP
                                 Adversary No. 9:06-ap-220-ALP

MBNA AMERICA BANK, N.A.,

                    Appellee.
_____


**OPINION AND ORDER**

     This matter comes before the Court on the timely appeal by the
United States Trustee of the Order on Motion for Summary Judgment
and Cross Motion for Summary Judgment (Doc. #1-3) and Final
Judgment (Doc. #1-4) entered by the Honorable Alexander L. Paskay,
United States Bankruptcy Judge.  Appellant filed an initial brief
(Doc. #6), appellee filed a responsive Reply Brief (Doc. #8), and
appellant filed a Reply Brief (Doc. #9).[1]

_____

[1]The Docket Numbers hereinafter refer to the numbers assigned in
Bankruptcy Court unless otherwise stated.  Copies of the relevant
documents are included in the record transmitted by the Bankruptcy
Court, submitted by the parties, or available on PACER.

I.

Prior to filing a petition for bankruptcy relief, debtor Richard Barton Kepley, Sr. (Kepley or debtor) incurred considerable debt on his credit card issued by MBNA American Bank, N.A. (MBNA or appellee). On February 22, 2005, Kepley's wife signed a check to MBNA in the amount of $57,335.00 drawn on a Bank of America checking account maintained by debtor and herself as tenants by the entireties ("the joint checking account"). On April 11, 2005, Kepley filed a voluntary petition for Chapter 7 relief; Mrs. Kepley did not join in the filing. The joint checking account, then with a minimal balance, was scheduled by the debtor as one of his exempt assets. The debtor was discharged on July 26, 2005.

On May 4, 2006, the U.S. Trustee filed an adversary proceeding Complaint against MBNA American Bank, N.A. (MBNA or appellee) to recover the $57,335.00 as a voidable preference pursuant to 11 U.S.C. § 547(b). MBNA defended by asserting the money it received was exempt or immune from the claims of creditors because it was received from an account held as tenants by the entireties by debtor and his wife. The Trustee's affirmative defense asserted that MBNA lacked standing to defend the preference by raising debtor's exemption. The Bankruptcy Court granted summary judgment in favor of MBNA, finding no preferential transfer because the funds in the joint checking account were not property of the estate because they were owned by the entireties and were thus exempt or

immune from bankruptcy administration.   The Trustee appeals this decision.

## II.

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., 19 F.3d 1371, 1374 (11th Cir. 1994).   The legal conclusions of the Bankruptcy Court are reviewed *de novo*, In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993), while findings of fact are reviewed for clear error.   Fed. R. Bankr. P. 8013; In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989), cert. denied, 497 U.S. 1007 (1990).   Because this appeal arose from summary judgment motions, which by definition involve no findings of fact, the district court reviews the matter only under the *de novo* standard. In re Celotex Corp., 487 F.3d 1320, 1327-28 (11th Cir. 2007).   The "ususal and well-known summary judgment standards" apply.   Id. at 1328.

## III.

The issue in this case is whether the $57,335.00 payment was a preferential transfer which can be avoided and recovered by the Trustee.   A Trustee may "avoid any transfer of an interest of the debtor in property" if the five requirements under 11 U.S.C. § 547(b)(2005)[2] are satisfied.   "A preference payment is a transfer

---

[2]The Court applies the version of § 547 in effect when the debtor filed his bankruptcy petition.   In re Forex Fid. Int'l, 222 Fed.
(continued...)

for the benefit of a creditor for or on account of an antecedent debt made on or within 90 days of the filing of the petition, where the transfer enables the creditor to receive more than it would be entitled to under a Chapter 7 proceeding." General Trading v. Yale Materials Handling Corp., 119 F.3d 1485, 1503 n.39 (11th Cir. 1997). Under § 547(b) a Trustee may avoid any non-insider "preference payment" made by a debtor.  The Trustee bears the burden of proving the avoidability of a transfer.  11 U.S.C. § 547(g).

### A.

The commencement of a voluntary bankruptcy case creates a bankruptcy estate which is liquidated by the Trustee for the benefit of the debtor's creditors.  11 U.S.C. § 541(a); In re James, 406 F.3d 1340, 1342 (11th Cir. 2005).  This estate includes, with exceptions not applicable to this case, "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1) (2005).  Whether debtor's interest constitutes an interest in property is a matter of state law. Barnhill v. Johnson, 503 U.S. 393, 398 (1992); Venn v. St. Paul Fire & Marine Ins. Co., 99 F.3d 1058, 1064 n.10 (11th Cir. 1996). The commencement of the bankruptcy case is the key date for property definition purposes.  In re Bracewell, 454 F.3d 1234, 1236 (11th Cir. 2006).

---

[2](...continued)
 Appx. 810, 813 n.5 (11th Cir. 2007).

Under Florida law, a tenancy by the entireties has the following characteristics: "(1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage (the parties must be married at the time the property became titled in their joint names)." Beal Bank, SSB v. Almand & Assocs., 780 So. 2d 45, 52 (Fla. 2001)(collecting cases)(footnote omitted). There is no dispute in this case that the debtor satisfied all these requirements as to the joint checking account. Therefore, debtor had a property interest in the joint checking account as a tenant by the entireties. Since debtor had a legal or equitable interest in the joint checking account as of the commencement of the Chapter 7 proceeding, the joint checking account became part of the bankruptcy estate under § 541(a)(1) as of the commencement of the bankruptcy case.

**B.**

While debtor's interest in the joint checking account is property of the bankruptcy estate, an individual debtor may exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b); In re James, 406 F.3d at 1342. This includes,

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety

or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B). The effect of such an exemption is clear; it "permits the exempted interest in property to be returned to the debtor free of administration by the trustee." In re Musolino, 391 F.3d 1295, 1297 (11th Cir. 2004).

A debtor may exempt his or her interest in property held as a tenant by the entireties provided the property meets all requirements under Florida law. Musolino, 391 F.3d at 1296, 1298-99. As discussed above, it is not disputed that the joint checking account satisfies the Florida requirements set forth in Beal Bank, SSB, 780 So. 2d at 52.

Under Florida law, "property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole." Beal Bank, SSB, 780 So. 2d at 53 (citations omitted). "[W]hen property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse." Id. (citations omitted).

Since the joint checking account satisfied the six characteristics of property held as a tenant by the entireties, and since such property is exempt from process under Florida law, the joint checking account fits well within the § 522(b)(2)(B)

-6-

exemption.   In re Musolino, 391 F.3d at 1298-99; In re Hill, 197 F.3d 1135, 1139 (11th Cir. 1999)(under Florida law, absent showing a tenancy by the entireties was created fraudulently, property held by debtor as tenant by entireties is exempt from claim of individual creditors in bankruptcy).   The debtor listed the joint checking account, then with a balance of $776.00, as an exemption in Schedule C based on the tenancy by the entireties ownership of the account and Fla. Stat. § 222.25.  (Case No. 9:05-bk-06753-ALP, Doc. #1, p. 9.)  Thus, the § 522(b)(2)(B) exemption was available to debtor and was properly claimed by debtor.[3]

## C.

The Trustee does not dispute that the joint checking account was initially property of the bankruptcy estate, or that it became exempt because debtor successfully asserted his tenancy by entireties exemption.   Rather, the Trustee argues that the Bankruptcy Court erred by implicitly finding that exempt property could not be subject to preferential transfer consideration.  The Trustee argues that the transfer of exempt or exemptible property may, and in this case does, constitute a voidable preferential

---

[3]The Trustee filed an objection stating that "[o]wnership of property as tenants by the entireties is not technically an exemption, however, the Trustee acknowledges that such ownership may render property immune from administration in the absence of a joint creditor of the Debtor and his non-filing spouse." (Case No. 9:05-bk-06753-ALP, at Doc. #8.)   While there was some initial confusion, the bankruptcy record reflects that the Trustee did not intend this to be an objection to the claimed exemption of the joint checking account.

transfer.  Specifically, the Trustee asserts that he has the legal ability under 11 U.S.C. § 547(b) to avoid the $57,335.00 transfer even if made from an asset later determined to be exempt, recover the funds from MBNA, and place the funds into the bankruptcy estate for the benefit of the other creditors.

The Court agrees that § 547(b) gives the Trustee the legal ability to seek to avoid and recover a transfer of exempt or exemptible property as a voidable preferential transfer.  The plain language of § 547(b), that a trustee may "avoid any transfer of an interest of the debtor in property," does not limit a trustee's ability to challenge a transfer to non-exempt property. Additionally, the Bankruptcy Code recognizes a trustee's ability to challenge the transfer of even exempt property because it provides the debtor with potential remedies when such challenges are made successfully.  E.g., 11 U.S.C. §§ 522(g), 522(h).  Thus, the Court concludes that transfers of exemptible property are amenable to avoidance and recovery actions by a bankruptcy trustee.  Tavenner v. Smoot, 257 F.3d 401, 406-407 (4th Cir. 2001), cert. denied, 534 U.S. 1116 (2002).

While the transfer of exempt property can be challenged as a preferential transfer, the Trustee must still satisfy all the statutory requirements of § 547(b).  The record establishes that Trustee has satisfied his burden in this case.  The $57,335.00 payment was to or for the benefit of a creditor, thus satisfying § 547(b)(1).  The payment was for or on account of an antecedent debt

-8-

owed by the debtor before such transfer was made, i.e., pre-existing credit card purchases on a credit care issued by MBNA, thus satisfying § 547(b)(2).  It is not disputed that the payment was made while debtor was insolvent, thus satisfying § 547(b)(3).  The payment was made on February 22, 2005, and was thus within 90 days of the April 11, 2005, filing of the petition, thus satisfying § 547(b)(4)(A).  Finally, the payment enabled MBNA to receive more than it would receive in a Chapter 7 case if the transfer had not been made and MBNA received payment of such debt to the extent provided by the Bankruptcy Code.

The Trustee argues that the decision of the bankruptcy court, while not specifically stating as such, must have relied upon the diminution of estate doctrine (sometimes referred to as the "no harm no foul" doctrine[4]) in rejecting his claim of a preferential transfer.  It is not at all apparent that the bankruptcy court's decision took such a position.  While it is true that under the former Bankruptcy Act a trustee had to show a diminution of the bankruptcy estate before being entitled to avoid a preferential transfer, Palmer v. Radio Corp. Of Am., 453 F.2d 1133, 1135 (5th

---

[4]In re Treiber, 92 B.R. 930, 932 (Bankr. N.D. Okla. 1988)("Whether exempt property can be the subject matter of a preferential transfer should not depend upon the method in which the exemptions are claimed and allowed.  No creditor is injured when the entire subject matter of a preference consists of exempt property.  If the property had not been conveyed, the creditors would not have shared in it.  In short,--no harm, no foul.").

Cir. 1971)[5], the rational for this judicially-created requirement has been undermined by the Bankruptcy Code, <u>Deel Rent-A-Car, Inc.</u> <u>v. Levine</u>, 721 F.2d 750 (11th Cir. 1983).  The Court would agree with the majority of appellate cases that, under the Bankruptcy Code, a trustee need not show the diminution of the bankruptcy estate in order to be able to seek avoidance and recovery of exemptible property.  <u>In re Mahaffey</u>, 91 F.3d 131 (4th Cir. 1996)(Table); <u>Tavenner v. Smoot</u>, 257 F.3d at 406-07; <u>In re Noblit</u>, 72 F.3d 757, 758 (9th Cir. 1995); <u>In re Trujillo</u>, 215 B.R. 200, 205 (B.A.P. 9th Cir. 1997), <u>aff'd</u>, 166 F.3d 1218 (9th Cir. 1998).

### D.

In summary, the Court finds that the joint checking account was property of the bankruptcy estate; that the joint checking account was owned by debtor as a tenant by the entireties with his wife, and was therefore exempt property; that debtor properly asserted the exemption, which was not contested; that the Trustee has the ability to seek avoidance and recovery of exemptible property; that the Trustee in this case satisfied all the statutory requirements for a preferential transfer under § 547(b); and that the Trustee is not required to show diminution of the bankruptcy estate in order to prevail on his preferential transfer claim.

Accordingly, it is now

---

[5]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**ORDERED AND ADJUDGED:**

1.  The Order on Motion for Summary Judgment and Cross Motion for Summary Judgment (Doc. #1-3) and Final Judgment (Doc. #1-4) are **reversed**, and the matter is **remanded** for entry of judgment finding the $57,335.00 transfer to be an avoidable preferential transfer, allowing recovery by the Trustee for the benefit of creditors, and such further proceedings as are consistent with this Opinion and Order.

2.  The Clerk shall transmit a certified copy of this Opinion and Order to the Clerk of the United States Bankruptcy Court, terminate any remaining deadlines and motions as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of September, 2007.


JOHN E. STEELE
United States District Judge

Copies:
Hon. Alexander L. Paskay
Clerk, U.S. Bankr. Ct.
Counsel of record